**Calistro GUTIERREZ LLANES, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 07–70676.**

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.[*]

Filed June 30, 2009.

Curtis F. Pierce, Law Offices of Curtis F. Pierce, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Stacy Stiffel Paddack, Kurt B. Larson, Esquire, U.S. Department of Justice, Washington, DC, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM [**]

Calistro Gutierrez Llanes, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider, and review de novo claims of due process violations. *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Gutierrez Llanes' motion to reconsider because the motion failed to identify any errors of fact or law in the BIA's September 25, 2006 order denying his previous motion to reopen. *See* 8 C.F.R. § 1003.2(b)(1).

Gutierrez Llanes contends that the BIA violated due process by denying his motion

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

to reconsider without considering the evidence he submitted in support of his previous motion to reopen. Contrary to Gutierrez Llanes contention, the proceedings were not "so fundamentally unfair that [he] was prevented from reasonably presenting his case." *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (internal quotation marks and citation omitted).

To the extent that Gutierrez contends the BIA should have invoked its sua sponte authority under 8 C.F.R. § 1003.2(a), we lack jurisdiction. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.